1  CHARLES M. DYKE (SBN 183900)
   YI-YI CHANG (SBN 228558)
2  THELEN REID & PRIEST LLP
   101 Second Street, Suite 1800
3  San Francisco, CA  94105-3606
   Tel. 415.371.1200
4  Fax 415.371.1211

5  Attorneys for Plaintiffs JEFF EVANSON,
   LES OESTERREICH, and KAREN
6  O'BRINE, trustees of the Transhumance
   Employee Stock Ownership Plan
7
   GREG L. JOHNSON  (SBN 132397)
8  MICHAEL J. DAPONDE  (SBN 204283)
   CARRIE L. BONNINGTON  (SBN 227570)
9  PILLSBURY WINTHROP SHAW PITTMAN LLP
   400 Capitol Mall, Suite 1700
10 Sacramento, CA  95814-4419
   Telephone:  (916) 329-4700
11 Facsimile:  (916) 441-3583

12 Attorneys for Defendant
   MARY ELLEN BREEN, in her capacity as the personal
13 representative of the estate and as the beneficiary of
   DENNIS J. BREEN, Deceased
14
   R. BRADFORD HUSS (SBN 71303)
15 ROBERT F. SCHWARTZ  (SBN 227327)
   CLARISSA A. KANG  (SBN 210660)
16 TRUCKER HUSS, APC
   120 Montgomery Street, 23rd Floor
17 San Francisco, CA  94104-4326
   Telephone:  (415) 788-3111
18 Facsimile:  (415) 421-2017

19 Attorneys for Defendant
   WILLIAM J. PRICE
20
   JAMES C. CARMODY (*Pro Hac Vice*)
21 VELIKANJE MOORE & SHORE, PS
   405 East Lincoln Avenue
22 P.O. Box 22550
   Yakima, WA 98907
23 Telephone: (509) 248-6030
   Fax (509) 453-6880
24
   Attorneys for Defendant
25 WILLIAM J. PRICE

26 ///

27 ///

28 ///

DANIEL J. COYLE  (SBN 119274)
CASSANDRA M. FERRANNINI  (SBN 204277)
KAREN D. BETTENCOURT  (SBN 232933)
DOWNEY BRAND LLP
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone:  (916) 444-1000
Facsimile:  (916) 444-2100

Attorneys for Defendant
THOMAS WATSON

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JEFF EVANSON, LES OESTERREICH, and KAREN O'BRINE, trustees of the Transhumance Employee Stock Ownership Plan,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM J. PRICE; MARY ELLEN BREEN, in her capacity as the personal representative of the estate and as the beneficiary of DENNIS J. BREEN, deceased; and THOMAS WATSON,<br><br>Defendants. | Case No.: 2:06-cv-00795-GEB-KJM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(As approved by the court, with annotations)** |

IT IS HEREBY STIPULATED AND AGREED by the parties to this action, by and through their undersigned counsel, subject to the approval of the Court, that the following Stipulated Protective Order shall govern the disclosure, use and handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced by any party, and by any third party who complies with the requirements herein, in connection with discovery in, and any hearing on and trial of, this action:

1.  A party to this action or a third party from whom documents or other information is sought ("Producing Party") producing information, testimony, tangible things, or documents ("Discovery Material") shall have the right to designate Discovery Material "Confidential" if the Producing Party reasonably believes that the Discovery Material contains confidential and/or proprietary business information, including trade secrets, disclosure of which could be detrimental or harmful to the designating party ("Confidential Information").  Confidential Information shall include Discovery Material in its original form, and any copy, excerpt, summary, or other document containing Confidential Information;

2.  The Producing Party may designate Discovery Materials as confidential by placing the following legend or similar legend on the document or thing: "Confidential." In the event that original documents are produced for inspection, the Producing Party may designate such as Confidential and the appropriate legend shall be placed on the documents in the copying process.  In the event a party produced documents before the

execution of this Order, that party may designate such documents "Confidential" in accordance with the procedures of Paragraph 3 of this Order;

3.  If a Producing Party inadvertently produces Confidential Information without marking it with the appropriate legend, it may give written notice that the Discovery Material is Confidential and it shall thereafter be treated as such;

4.  Parties may designate deposition testimony as Confidential by indicating on the record that the testimony is Confidential at the time it is given or by sending written notice that the testimony is Confidential within fifteen (15) days of the date the final transcripts are received by the parties.  All testimony in this action shall be deemed Confidential until the time within which it may be designated as Confidential has passed;

5.  Confidential Information shall be made available only to <u>the Court and its employees and</u> "Qualified Persons" as defined in Paragraph 6, who shall have read this Order and agreed to be bound by its terms.  No other person shall have access to Confidential Information without the approval of the Producing Party or the Court, nor shall any other person be informed of Confidential Information by any person having access to Confidential Information;

6.  "Qualified Persons" means: (a) the parties and, in the case of Plaintiffs, the officers, directors, managing agents, and other current or former corporate representatives of Transhumance, Inc., who are engaged in the preparation of this action for trial; ~~(b) the Court and its officers;~~  ~~(c)~~ (b) counsel of record and in-house counsel who are engaged in the preparation of this action for trial, and paraprofessionals, stenographic or clerical employees assisting counsel of record and in-house counsel in the preparation of this

action for trial; ~~(d)~~ (c) any person who has already seen the document or the information therein (unless that person has only seen the document or information in violation of this Order); ~~(e)~~ (d) experts and/or consultants (and their employees) retained by the parties or the parties' counsel in connection with this action; and ~~(f)~~ (e) any other person designated by agreement of the parties.  All such persons shall be informed by counsel of record of the provisions of this Order and shall agree to be bound by its provisions;

    7.   Confidential Information can be used only in connection with this action (including any appeal of any order or issues in this action), and shall not be used for any other purpose;

    8.   The parties may use Discovery Material marked "Confidential" during witness interviews, depositions, hearings, or other trial proceedings as provided herein.  In advance of the use of any Confidential Information with a witness or deponent, the witness or deponent shall be advised of this Order and his or her obligation to adhere to its terms.  Among other things, the witness or deponent shall be directed:  (a) not to disclose any information, transcripts or documents relating to Confidential Information (whether or not exhibited to the witness or deponent) to anyone other than Qualified Persons in the absence of agreement by the parties or permission from the Court; and (b) to take appropriate precautions to ensure that prohibited disclosure does not occur;

    9.   Pursuant to Local Rules 39-140 and 39-141, if "Confidential" information is to be filed with the Court, <u>the party seeking to file such information shall request filing of it under seal, and shall submit</u> ~~all~~ such ~~Confidential~~ information ~~shall be submitted~~ to the Court <u>in camera</u>, in a sealed envelope to which suitable designation shall be affixed, and

which shall not be opened or made available to any person other than the Court, its clerks, and persons permitted access to such information under the terms of this Order, except by agreement of the attorneys or Order of the Court.[1]

10. Any third party producing documents or other information in this action may avail themselves of this Order if they agree in writing to be bound by its terms;

11. Before the trial of this action, or before any hearing in which "Confidential" information may be used or introduced, counsel for all parties shall seek to reach a proposed agreement for the Court's consideration on the handling of Discovery Material marked "Confidential" at the trial or hearing so as to provide the maximum protection possible against public disclosure without in any way infringing upon the rights of the parties to present all evidence they deem necessary at such trial or hearing and counsel shall submit the proposed agreement, or separate proposals if no agreement can be reached, to the Court for its consideration, with the request that the Court enter further orders as are necessary to implement the protection of Discovery Material marked "Confidential" at trial or hearing, as agreed or as the Court may direct based upon the proposals of counsel;

12. In the event that a party receiving Discovery Material marked "Confidential" ("Receiving Party") objects to the designation, counsel for the Receiving Party shall notify

---

[1] The parties are advised that the Court, of course, may deny a request to seal information designated as Confidential Information, after providing the party requesting sealing an opportunity to show cause for sealing.

the Producing Party of its objections in writing.  The parties will use their best efforts to resolve the objections between themselves.  If the parties cannot resolve the objections, the Receiving Party may seek a hearing before the Court with respect to the propriety of the designation.  The Producing Party carries the burden of justifying its "Confidential" designations;

13.  Not later than thirty days after the final disposition of this action, including all appeals, all Discovery Material marked "Confidential" shall be returned to counsel for the Producing Party or destroyed.  If any Discovery Material marked "Confidential" is furnished under this Order to any expert or to any other person, the attorney for the party retaining such expert or furnishing the Discovery Material marked "Confidential" shall be responsible to ensure that it is returned or destroyed;

14.  The terms of this Order shall survive any final disposition of this action;

15.  If either party finds that any of the terms of this Order impedes its ability to prepare or present its case, or is otherwise objectionable, that party may seek appropriate modification of the Order from the Court;

16.  This Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence, and is not intended to shift any burden(s) otherwise applicable under the law; and

This Stipulated Protective Order becomes binding on the parties once counsel for all parties have affixed their signatures hereto, which they may do in counterparts.

SO STIPULATED.

| | | |
|---|---|---|
| 1 | Dated:  October 12, 2006 | THELEN REID & PRIEST LLP |
| 2 | | |
| 3 | | By  /s/ Charles M. Dyke<br>    Charles M. Dyke |
| 4 | | Attorneys for Plaintiffs JEFF EVANSON, LES OESTERREICH, and KAREN O'BRINE, |
| 5 | | trustees of the Transhumance Employee Stock Ownership Plan |
| 6 | Dated:  October 12, 2006 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 7 | | |
| 8 | | By  /s/ Greg L. Johnson<br>    Greg L. Johnson |
| 9 | | Attorneys for Defendant MARY ELLEN BREEN |
| 10 | | |
| 11 | Dated:  October 12, 2006 | TRUCKER HUSS, APC |
| 12 | | By  /s/ Robert F. Schwartz<br>    Robert F. Schwartz |
| 13 | | Attorneys for Defendant WILLIAM J. PRICE |
| 14 | Dated:  October 12, 2006 | VELIKANJE MOORE & SHORE, PS |
| 15 | | |
| 16 | | By  /s/ James C. Carmody<br>    James C. Carmody |
| 17 | | Attorneys for Defendant WILLIAM J. PRICE |
| 18 | Dated:  October 12, 2006 | DOWNEY BRAND LLP |
| 19 | | |
| 20 | | By  /s/ Cassandra M. Ferrannini<br>    Cassandra M. Ferrannini |
| 21 | | Attorneys for Defendant THOMAS WATSON |
| 22 | IT IS SO ORDERED. | |
| 23 | Dated:  October 25, 2006. | _____<br>U.S. MAGISTRATE JUDGE |